**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:20-cv-01833__

DOROTHY FARRELL,

   Plaintiff,

v.

APRIA HEALTHCARE LLC,

   Defendant.

## COMPLAINT

**NOW COMES** Dorothy Farrell ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Apria Healthcare LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and Plaintiff resides in this district.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a limited liability partnership with its principal place of business located at 26220 Enterprise Court, Lake Forest, California 92630. Defendant offers clinical services and medical equipment to consumers throughout the country, including consumers in the State of Colorado.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all-time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In late 2019, Plaintiff's husband received oxygen equipment from Defendant, and was left with a co-payment balance to be covered by Medicare ("subject debt").

8. Soon after receiving the equipment, Plaintiff contacted Defendant and requested the equipment be picked up from her home, as her husband was no longer in need of it.

9. In or around October 2019, Plaintiff began receiving phone calls from Defendant to her cellular phone number (719) XXX-9470, in which Defendant attempted to collect upon the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner and operator of the cellular phone number ending in 9470. Plaintiff is and always had been financially responsible for the cellphone phone and its services.

11. In or around mid-December 2019, Plaintiff answered a phone call from Defendant and requested that she did not owe the debt, that the equipment be scheduled for pick up, and to stop calling her cellular phone number.

12. During the phone call, Plaintiff also informed Defendant's representative that her husband's doctor had notified Defendant to halt services and that the remaining balance should be covered by Medicare.

13. Despite Plaintiff's request that the phone calls cease and for Defendant to pick up the equipment, Defendant continued to place unwanted calls to Plaintiff's cellular phone without her consent.

14. On January 15, 2020 at approximately 2:06 pm, Defendant placed a phone call to Plaintiff's cellular phone, resulting in a voicemail. The voicemail provided a phone number to call and set up a time to pick up the oxygen equipment.

15. On January 15, 2020 at approximately 2:58 pm, Plaintiff returned Defendant's phone call and scheduled a date and time to pick up the equipment. During this call, Plaintiff *again* demanded Defendant cease calling her cellular phone number, as she is not responsible for the subject debt.

16. Defendant continues to place or caused to be placed numerous phone calls to Plaintiff's cellular phone since October 2019 to present, including multiple calls in one day and calls on back to back days.

17. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. The phone number that Defendant most often uses to contact Plaintiff is (971) 217-9927, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

## DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

4

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

29. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between October 2019 and the present day, using an ATDS without her consent.

30. Any prior consent, if any, was revoked by Plaintiff's verbal revocation on multiple occasions.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DOROTHY FARRELL respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**


Dated: June 22, 2020                                   Respectfully Submitted,

                                                       /s/ Alexander J. Taylor
                                                       /s/ Marwan R. Daher
                                                       /s/ Omar T. Sulaiman
                                                       Alexander J. Taylor, Esq.
                                                       Marwan R. Daher, Esq.
                                                       Omar T. Sulaiman, Esq.
                                                       Sulaiman Law Group, Ltd
                                                       2500 S Highland Ave, Suite 200
                                                       Lombard, IL 60148
                                                       Telephone: (630) 575-8181
                                                       ataylor@sulaimanlaw.com
                                                       mdaher@sulaimanlaw.com
                                                       osulaiman@sulaimanlaw.com
                                                       *Counsel for Plaintiff*